CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
mark@potterhandy.com
          Attorneys for Plaintiff

CALIFORNIA JUSTICE ALLIANCE, APC
David W. Peters, Esq., SBN 155449
caljustice@live.com
402 W. Broadway, Ste. 400
San Diego, California 92101
Telephone: (855) 232-0100
Facsimile: (855) 232-0200
Attorney for CBC Restaurant Corp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Gilbert Salinas**, | Case: 8:14-CV-01233-CJC-AN |
| Plaintiff, | **Joint Rule 26 Conference Report and Discovery Plan** |
| v. | |
| **CBC Restaurant Corp**., a Delaware Corporation; and Does 1-10, | |
| Defendants. | |

1

Pursuant to Central District Local Rule 26-1 and Federal Rule of Civil Procedure 26(f), the parties submit their Joint Rule 26 Conference Report and Discovery Plan.

**Nature and Complexity of the Case**

 The parties have discussed the nature and complexity of the case. This is not a "complex" case as that term is defined and there is no need for resort to the Manual for Complex Litigation.

**Motion Schedule**

In a minute order dated April 30, 2015, this Court denied the defense motion to dismiss and defense motion for summary judgment. Additionally, this Court directed the plaintiff to file his own motion for summary judgment no later than June 29, 2015. See Docket Entry 43. The parties believe that a motion cut off date should be set for January 15, 2016.

> Plaintiff: Plaintiff intends to file a motion for summary judgment well in advance of the June 29, 2015 deadline. No other motions are currently contemplated by the plaintiff.

> Defense: While the Defense will need to take the deposition of Plaintiff, and possibly Plaintiff's expert, in order to respond to Plaintiff's anticipated MSJ, the Defense currently does not anticipate any motions.

Rule 26 Report                                    8:14-CV-01233-CJC-AN

**ADR Selection**

The parties select ADR Procedure 2: appearing before a neutral selected from the Court's Mediation Panel. Defendant believes that ADR Procedure 1 (appearing before the District Judge or Magistrate Judge as the Court may order) would more likely lead to the resolution of the case. The parties agree that there is no reason for that ADR session to not take place promptly, however, Defendant would like to take Plaintiff's deposition first and is prepared to do so almost immediately.

**Trial Estimate**

The parties estimate that the trial in this matter would take no longer than three days, if a jury trial and one day if a bench trial. The parties propose a Trial Date in February of 2016.

**Additional Parties**

The parties do not believe it likely that there will be any additional parties added to this case.

**Discovery Plan**

The parties will exchange initial disclosures under Rule 26 by May 18, 2015.The parties do not believe that there need to be any further changes to the timing, form or requirement for disclosures under Rule 26(a)(1).

The parties are unaware of any issues about preserving discoverable information or about the disclosure of electronically stored information. Moreover, the parties do not believe that there are any issues regarding

Rule 26 Report                                        8:14-CV-01233-CJC-AN

claims of privilege or work production protection and, therefore, do not ask the Court for any orders relating to such.

The parties do not believe that discovery should be conducted in phases or that there needs to be any changes to the limitations imposed on discovery under the Federal and Local Rules.

The defense will need to take Plaintiff's deposition (and possibly that of Plaintiff's expert), and hereby requests Plaintiff's availability for the same. The defense may need an independent medical exam (IME) of Plaintiff and/or discovery of Plaintiff's medical history, in each case relating to Plaintiff's ability to reach in the areas of the counters in question in this action.

The parties propose that experts be disclosed and reports be exchanged under Rule 26(a)(2)(B) by August 21, 2015.

Dated: May 5, 2015          CENTER FOR DISABILITY ACCESS

/s/ Mark Potter

By: _____
    Mark Potter
    Attorneys for Plaintiff

Dated: May 5, 2015          CALIFORNIA JUSTICE ALLIANCE, APC

/s/ David. W. Peters

By: _____
    David W. Peters
    Attorneys for Defendant
    CBC Restaurant Corp.

4