JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| GILBERT SALINAS,<br><br>           Plaintiff,<br><br>     v.<br><br>PACIFIC CASTLE NEWPORT I, LLC, et al.,<br><br>           Defendants. | Case No.: SACV 14-01233-CJC(ANx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION AND BACKGROUND

Plaintiff Gilbert Salinas ("Plaintiff") brings this action against CBC Restaurant Corporation ("Defendant"), the sole remaining defendant in this case, for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. section 12101 *et seq.*, and the

Unruh Civil Rights Act, California Civil Code sections 51–53. Plaintiff is a paraplegic who uses a wheelchair for mobility. (FAC ¶ 1.) On April 14, 2013, Plaintiff and his wife purchased dinner at the Corner Bakery Cafe ("Restaurant") located at 6507 Pacific Coast Highway in Long Beach, California. (Dkt. No. 53-1 ¶ 4.) When Plaintiff approached the transaction counter to pay for their food, he discovered that it was too high for his use. (*Id.*) As a result, Plaintiff asked his wife to handle the transaction, and she did so. (*Id.* ¶ 5.) Plaintiff contends that the episode was "frustrating and somewhat embarrassing," and that he has been deterred on multiple occasions from returning to the Restaurant because the transaction counter is too high. (*Id.* ¶¶ 6; 8.) On August 5, 2014, Plaintiff brought this action against Defendant. The current operative complaint is the First Amended Complaint ("FAC"), which was filed on February 2, 2015. (*See* Dkt. No. 29.) The FAC alleges that Defendant's counter violates the implementing regulations of the ADA, and requests both injunctive relief under the ADA and statutory damages under California's Unruh Civil Rights Act. Before the Court is Plaintiff's motion for summary judgment. For the following reasons, the Court GRANTS Plaintiff's motion.

## II.  LEGAL STANDARD

The Court may grant summary judgment on "each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is proper where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 325. A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" when its resolution

might affect the outcome of the suit under the governing law, and is determined by looking to the substantive law. *Id*. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 249.

Where the movant will bear the burden of proof on an issue at trial, the movant "must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Once this burden is met, the party resisting the motion must set forth, by affidavit, or as otherwise provided under Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. A party opposing summary judgment must support its assertion that a material fact is genuinely disputed by (i) citing to materials in the record, (ii) showing the moving party's materials are inadequate to establish an absence of genuine dispute, or (iii) showing that the moving party lacks admissible evidence to support its factual position. Fed. R. Civ. P. 56(c)(1)(A)–(B). The opposing party may also object to the material cited by the movant on the basis that it "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). But the opposing party must show more than the "mere existence of a scintilla of evidence"; rather, "there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non-moving party, and draw all justifiable inferences in its favor. *Id.*; *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The court does not make credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992). But conclusory and speculative testimony in affidavits and moving papers is insufficient to raise triable issues of fact and defeat summary judgment. *Thornhill Pub. Co., Inc. v.*

*GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c). "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).

## III. ANALYSIS

### A. ADA Cause of Action

Title III of the ADA "prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 779 F.3d 1001, 1005 (9th Cir. 2015). "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010). The first two elements are not at issue here: Defendant does not contest that Plaintiff is disabled, and restaurants are places of public accommodations under the ADA. 42 U.S.C. § 12181(7)(B). "The third element— whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 916 F. Supp. 2d 831, 847 (N.D. Cal. 2011). Here, Plaintiff alleges that Defendant's restaurant violates the 1991 ADA Accessibility Guidelines ("ADAAG"), which "lay out the technical structural requirements of places of public accommodation." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

1    The parties agree that the relevant ADAAG standard in this case is 28 C.F.R. pt 36
2  appendix D section 7.2(1) ("section 7.2(1)"), which reads,

> In department stores and miscellaneous retail stores where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 in (915 mm) in length with a maximum height of 36 in (915 mm) above the finish floor.

Defendant's Restaurant has two transaction areas: one on either side of a glass display containing baked goods. Each transaction area contains a 46-inch-high counter that separates the cashier from the customer. On the cashier side of the counter, the cashier operates an installed cash register. On the customer side of the 46-inch counter, a second, 34-inch-high counter is installed, below and in front of the 46-inch counter. When customers approach the transaction area, they may use the shorter counter as a check-writing surface or as a surface for resting a bag or wallet. However, because the cashier is standing behind the 46-inch counter, all transactions necessarily occur over that higher counter.[1] Either the cashier or the customer must reach over that counter to exchange cash, a check, or a payment card, as well as any receipts. (Dkt. No. 53-4 ¶ 12.)

Plaintiff argues that Defendant's 46-inch counter is plainly non-compliant, and that the lower counter does not qualify as an accessible counter under section 7.2(1). Defendant, in response, contends that the lower, 34-inch counter is compliant with ADAAG 7.2(1) because it meets the length and height requirements of that provision: it is at least 36 inches long and no more than 36 inches above the floor.

---

[1] Defendant's Statement of Disputed Facts, (Dkt No. 55-4), disputes that transactions must happen over the higher counter by citing to the declarations of two employees, who allege that "many transactions have taken place using the lower portion of the counter." (*Id.* at 2.) But of course, employees must still reach *over* the 46-inch counter to even utilize the lower, 34-inch counter. In other words, Defendant has not successfully disputed that transactions must necessarily occur over the higher, 46-inch counter.

Defendant is correct that the lower counter literally complies with the length and height requirements of ADAAG 7.2(1). But the guideline does not simply require the existence of some surface, somewhere in Defendant's Restaurant, that is 36 inches long and no more than 36 inches high. Instead, the guideline requires that the accessible counter must meet the length and height requirements and also be "a portion of the counter" which has a cash register and is provided for the sale or distribution of goods. The lower counter does not meet this qualification. It is undisputed that the cash register does not sit on the lower, customer-facing counter. And the lower counter cannot be said to be a "portion of" the higher counter in any meaningful sense. The evidence all demonstrates that the counters sit at different depths and heights. (*See* Dkt. No. 53-4; Exhs. A, B, G, H.) Most importantly, the existence of the lower counter does not even alleviate the need to use the higher counter. Even when a customer decides to utilize the lower counter for some purpose, every single transaction must occur over the higher counter. Accordingly, the lower counter is not a "portion" of the higher counter, and because the higher counter does not meet the requirements of section 7.2(1), Defendant's Restaurant is non-compliant. The Court GRANTS partial summary judgment as to Plaintiff's first cause of action, alleging a violation of the ADA.

### B. Unruh Act Cause of Action

In California, violations of the ADA automatically constitute violations of the Unruh Civil Rights Act. Cal. Civ. Code §51(f). Under the Construction Related Accessibility Standards Compliance Act, however, a plaintiff alleging a violation of the Unruh Act that is based on a "construction-related accessibility claim" may only recover statutory damages if the violation denied him or her "full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. Code §§ 55.51; 55.56(a). This condition is met if a plaintiff "personally encounter[s]" a violation and "experience[s] difficulty, discomfort, or embarrassment because of the violation." *Id.*

§ 55.56 (c).  Here, Plaintiff has alleged, and Defendant does not dispute, that his encounter with the high counter in April 2013 was "frustrating and somewhat embarrassing."  (Dkt. No. 53-1 ¶ 6.)  Accordingly, Plaintiff has established an Unruh Act violation and is entitled to $4,000 in statutory damages for his April 2013 visit to Defendant's restaurant, when he encountered the noncompliant counter.  *See* Cal. Civ. Code §§ 52; 55.56.

Plaintiff's motion also requests an additional award of statutory damages because the existence of the noncompliant counter deterred him, on a number of occasions, from visiting Defendant's Restaurant.  (Dkt. No. 53 at 10–11.)  California Civil Code section 55.56(d) provides that a plaintiff is denied full and equal access—and is therefore eligible for an award of statutory damages—if he is "deterred from accessing a place of public accommodation on a particular occasion."  Plaintiff's Declaration establishes that he was deterred from visiting the Restaurant because of the noncompliant counter on at least two occasions: in August 2014 and again in January 2015.  (Dkt. No. 53-1 ¶ 8).  Nonetheless, Plaintiff apparently only requests a single award of statutory damages for deterrence.  (*See* Dkt. No. 53 at 1; 12 [requesting a total statutory award of $8,000].)  Plaintiff has demonstrated that there are no disputed facts as to whether he was deterred from visiting the Restaurant at least one time after this lawsuit was filed and after Defendant was on notice of the noncompliant counter.  Accordingly, Plaintiff is entitled to the additional statutory award of $4,000 that he requests.  Plaintiff's motion for summary judgment is GRANTED.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion for summary judgment.  Plaintiff is entitled to injunctive relief and $8,000 in statutory damages.

Plaintiff is ORDERED to submit a proposed judgment no later than seven days after the issuance of this Order.

DATED: August 31, 2015

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE